IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GARY D. SMITH,                       )
                                     )
               Plaintiff,            )
                                     )
          v.                         )    No. 1:09CV00587
                                     )
JOHN E. POTTER, Postmaster           )
General, United States Postal        )
Service,                             )
                                     )
               Defendant.            )
```

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's pro se Motion to Request to Amend Complaint and Add Additional Parties (Docket Entry 11). For the reasons that follow, the Court will deny that motion as futile.

### I. BACKGROUND

In this case, Plaintiff used a standard form to file a Complaint alleging that he suffered unlawful disability-related employment actions, including retaliation, in connection with his employment with the United States Postal Service ("USPS"). (Docket Entry 1 at 3-4.) Plaintiff named John E. Potter, the Postmaster General of the USPS, as the lone defendant in the Complaint. (Id. at 1-2.) Section III of the form utilized by Plaintiff directed him to "identify[] the alleged legal wrong" and to "[n]umber and set forth each separate claim in a separate paragraph." (Id. at 2.)

On two attached sheets incorporated into Section III by reference, Plaintiff set out three separately-numbered paragraphs, but he did not clearly identify the alleged legal wrong, at least not by reference to particular causes of action or statutes. (Id. at 3-4.) In these paragraphs, Plaintiff mentions three of his USPS supervisors who allegedly engaged in disability-related misconduct against him from 2004-06, including making him perform work beyond that approved for him after a work-related back injury, retaliating against him for filing an administrative complaint about these matters, and harassing him about being more productive when he sought treatment for his injury. (Id.)[1] On the civil cover sheet Plaintiff completed along with his Complaint, he identified "42 U.S.C. § 1983 or 28 U.S.C. § 1343" as the federal statutes "under which [he] [was] filing." (Docket Entry 2 at 1.)

After Postmaster General Potter answered (Docket Entry 7), this Court, per United States Magistrate Judge Wallace W. Dixon, approved the parties' Joint Rule 26(f) Report. (Docket Entry dated Jan. 15, 2010.) Within the time provided for by said order, Plaintiff filed the instant motion with an attached copy of a proposed amended complaint (on the same standard form as his Complaint). (Docket Entry 11.) In the motion, Plaintiff stated

---

[1] Within these allegations, Plaintiff makes reference to "having a hearing with the EEOC" about one of the USPS employee's actions (Docket Entry 1 at 3) and to the fact that "[a] grievance was filed with the National Association of Letter Carriers," allegedly resulting in an arbitration and award of some sort, as a result of his interaction with another USPS employee (id. at 4).

only that he wished to "add additional parties to [his] case." (Id. at 1.) Although the caption of the proposed amended complaint continues to list Postmaster General Potter, the party-identification section of the proposed amended complaint actually deletes its reference to him. (Docket Entry 11-1 at 1-2.)[2] In his place, Plaintiff proposes to name four different individuals as defendants (one of whom he lists twice). (Id.)

Two of these proposed new defendants are among the USPS employees cited in the allegations from the original Complaint that Plaintiff re-alleges in the proposed amended complaint; another of these proposed new defendants has the same first name as the third USPS employee discussed in the original and re-alleged portions of the "Statement of Claim." (Compare Docket Entry 1 at 2-4 with Docket Entry 11-1 at 2-4.) The fourth proposed new defendant does not appear in those portions of the Statement of Claim, but instead is referenced only in a new paragraph that Plaintiff appears to have typed onto the complaint form under the Section III instructions. (Compare Docket Entry 1 at 2 with Docket Entry 11-1 at 2.) In this new paragraph, Plaintiff alleges that, in 2003-04, the fourth USPS employee whom he proposes to add as a defendant

---

[2] The instructions on the form expressly state that "[a] person must be identified in [the Defendant(s) subsections of the party-identification section] in order to be considered as a defendant." (Docket Entry 11-1 at 1.)

failed to comply with certain disability restrictions arising from an off-the-job foot injury. (Docket Entry 11-1 at 2.)[3]

As with the Complaint, in the proposed amended complaint, Plaintiff neither identifies particular causes of action he wishes to pursue nor cites specific statutes under which he wishes to proceed. (See Docket Entry 11-1 at 1-5.) However, Plaintiff does make clear, in both the Complaint and the proposed amended complaint, that he seeks only damages and not any injunctive relief. (Docket Entry 1 at 5; Docket Entry 11-1 at 4-5.)

## II. DISCUSSION

Given the current procedural posture of the case, the Federal Rules of Civil Procedure provide that Plaintiff "may amend [his Complaint] only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Said rule directs that "[t]he court should freely give leave when justice so requires." Id. Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave include "futility of amendment." Id.

---

[3] Plaintiff had made a fleeting, undeveloped reference to a foot injury in his original Complaint. (Docket Entry 1 at 3 ("The weight of the mailbag combined with the walking was aggravating my back and foot injuries.").) Because Plaintiff's instant motion makes clear that his only goal was to add new defendants and because this new paragraph appears tailored to that goal, the Court will not construe Plaintiff's instant motion as seeking to add new factual allegations, where (as here) the Court will deny his request to add defendants. If Plaintiff does wish to add new allegations for his action against the Postmaster General, he should file a motion to that effect with a proposed amended complaint.

-4-

"Defendant Potter opposes Plaintiff's request to amend his complaint to name these [four] individuals as defendants, as such amendment would be futile . . . ." (Docket Entry 12 at 2.) "An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." <u>Syngenta Crop Prod., Inc. v. EPA</u>, 222 F.R.D. 271, 278 (M.D.N.C. 2004). The Court thus must assess whether Plaintiff could state a claim against the proposed individual defendants based on the allegations in the proposed amended complaint.

According to Defendant Potter, "Plaintiff's amendment to name individuals who were his former supervisors at the postal service as defendants would be futile because the Rehabilitation Act does not impose individual liability on supervisors." (Docket Entry 12 at 3.) As noted above, neither Plaintiff's Complaint nor his proposed amended complaint identify the legal basis for his claim(s). However, given that Plaintiff has alleged disability-related mistreatment by a federal agency employer, Defendant Potter's focus on the Rehabilitation Act makes sense.

"Congress enacted the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1991 ["the ADA"] to protect disabled individuals from discrimination and to require that covered employers provide reasonable accommodation to disabled persons." <u>Webster v. Henderson</u>, 32 Fed. Appx. 36, 40 (4th Cir.

2002) (internal citations omitted).  See also Hooven-Lewis v. Caldera, 249 F.3d 259, 272 (4th Cir. 2001) ("Adopting provisions of the ADA, the [Rehabilitation Act] provides that no person shall retaliate against an individual because that individual engages in activity challenging an employer's alleged discrimination."). "The two Acts share the same definitions of disability. They also contain the same operative language about discrimination." Rogers v. Department of Health and Envtl. Control, 174 F.3d 431, 433 (4th Cir. 1999) (internal citations omitted).

By law, however, only the Rehabilitation Act and not the ADA applies to claims brought by a federal employee alleging disability-based mistreatment in the workplace. See Brown v. Henderson, 6 Fed. Appx. 155, 156 (4th Cir. 2001) (holding that "the Postal Service is not subject to suit under the ADA" and quoting with approval Third Circuit ruling that "Rehabilitation Act of 1973 'is the exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination'" (internal citation omitted)); Burton v. Potter, 339 F. Supp. 2d 706, 711 (M.D.N.C. 2004) ("Because the Postal Service is an independent establishment of the Government of the United States, the sole remedy for Plaintiff's [disability-related] discrimination claims against the Postal Service is under the Rehabilitation Act." (internal ellipses and quotation marks omitted)).

Not only has Defendant Potter correctly singled out the Rehabilitation Act as the logical statutory predicate for Plaintiff's workplace, disability-related claim(s), but he also rightly argues that Plaintiff cannot proceed against the individual defendants on such claim(s). See Swaim v. Westchester Academy, Inc., 170 F. Supp. 2d 580, 583 (M.D.N.C. 2001) ("[I]ndividual defendants do not face personal liability under the [ADA]. In the present case, Plaintiff invokes the Rehabilitation Act rather than the ADA. . . . Even if the Rehabilitation Act did apply, however, individual supervisors cannot be held personally liable for retaliation [under said statute]." (citing Hiler v. Brown, 177 F.3d 542, 545-47 (6th Cir. 1999), which holds that, because it incorporates provisions from Title VII, Rehabilitation Act bars claims against individuals)). Accord Hannah v. United States Air Force, C/A No. 3:08-3890-JFA-JRM, 2010 WL 128291, at *2-3 (D.S.C. Jan. 13, 2010) (unpublished) (adopting Magistrate Judge's recommendation that "individual defendants cannot be held liable under the ADA or the Rehabilitation Act in their individual capacities" (internal parenthetical omitted)); Hockaday v. Brownlee, 370 F. Supp. 2d 416, 421 (E.D. Va. 2004) ("The ADA . . . [and] the Rehabilitation Act [each] adopts the remedies, procedures, and rights of Title VII. Although Title VII permits suits against an employer within the meaning of that statute, it does not permit suits against individual defendants who are not

employers, such as supervisors. Because the same standards apply to the ADA and the Rehabilitation Act, neither act permits suit against an individual defendant who is not an employer." (internal citations and quotation marks omitted) (citing <u>Baird ex rel. Baird v. Rose</u>, 192 F.3d 462, 472 (4th Cir. 1999), which holds that, because ADA incorporates relevant provisions of Title VII, ADA does not permit suits against individual defendants)); <u>McNulty v. Board of Educ. of Calvert County</u>, No. Civ. A. DKC 2003-2520, 2004 WL 1554401, at *6 (D. Md. July 8, 2004) (unpublished) ("As with Title II of the ADA, Section 504 of the Rehabilitation Act 'does not permit actions against persons in their individual capacities.'" (quoting <u>Baird</u>, 192 F.3d at 472 (citing <u>Hiler</u>, 177 F.3d at 545-46))); <u>Smith v. Henderson</u>, No. 5:00-CV-572-BO(3), 2001 WL 34702456, at *3 (E.D.N.C. Aug. 9, 2001) (unpublished) (ruling that Postmaster General is "only proper defendant in [postal employee's disability-related] action, as [provision of Title VII declaring agency heads as sole proper defendant for employment claims against federal agencies] applies to claims brought under . . . the Rehabilitation Act . . . [and that,] [t]herefore, Plaintiff's Rehabilitation Act . . . claims against all defendants, excluding [the Postmaster General], must be dismissed" (internal citations omitted)).

Under these circumstances, Plaintiff's proposed amendment of his Complaint fails based on its futility. The fact that, on the civil cover sheet he completed along with his Complaint, Plaintiff

-8-

identified "42 U.S.C. § 1983 or 28 U.S.C. § 1343," rather than the Rehabilitation Act, as the federal statutes "under which [he] [was] filing," (Docket Entry 2 at 1), does not alter this conclusion. Taking the latter statute first, by its express terms, Section 1343 does not create any cause of action, but rather grants jurisdiction to federal courts to hear cases involving specified causes of action (i.e., claims under 42 U.S.C. § 1985, claims for deprivations of federal statutory or constitutional rights committed under color of state law, and claims under federal civil rights statutes). See 28 U.S.C. § 1343(a). Plaintiff thus cannot state any independent cause of action under said Section 1343 (whether against an individual defendant or otherwise).

Nor does Plaintiff's citation to 42 U.S.C. § 1983 afford him any basis to proceed against individuals. Plaintiff's allegations relate to purported misconduct by federal officials acting under color of <u>federal</u> authority. Section 1983, however, provides a vehicle for actions to vindicate federal rights infringed by officials acting under color of <u>state</u> law. See <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 (4th Cir. 2009) ("To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States."). "[N]o liability lies under section 1983 for actions taken under color of federal law . . . ." <u>Pettiford v. City of Greensboro</u>, 556 F. Supp.

-9-

2d 512, 541 (M.D.N.C. 2008) (citing District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973)).  Accord Jackson v. Eliason, 934 F.2d 319, 1991 WL 90887, at *1 n.1 (4th Cir. June 3, 1991) (unpublished) ("[S]uits against federal officials are impermissible under 42 U.S.C. § 1983." (citing Carter)).

Out of an abundance of caution, the Court takes this analysis one step further.  Specifically, the United States Court of Appeals for the Fourth Circuit has suggested that, where a pro se plaintiff purports to bring a claim against federal officials under 42 U.S.C. § 1983, the doctrine of liberal construction of pro se pleadings dictates that such "cause of action should also [be] construed by the district court as a complaint against federal officials pursuant to 28 U.S.C. § 1331."  Brown v. United States Dist. Ct. for the Dist. of Md. Clerk's Office, 865 F.2d 1256, 1988 WL 131848, at **1 (4th Cir. Dec. 6, 1988) (unpublished).  In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), the United States Supreme Court declared that, in certain circumstances, "[f]ederal courts have power under 28 U.S.C. § 1331 to award damages occasioned by infringements by federal officials of constitutionally protected interests."  Pardo v. Federal Correctional Inst. - Petersburg, 19 F.3d 1429, 1994 WL 95888, at **1 (4th Cir. Mar. 23, 1994) (unpublished) (emphasis added).

Even with the benefit of such liberal construction, however, Plaintiff's proposed amendment to add individual defendants falls

-10-

short because his allegations of mistreatment in the workplace, although arguably asserting a statutory tort, do not state a claim of constitutional magnitude. "*Bivens* actions allow for recovery of money damages against federal officials who violate <u>the United States Constitution</u> in their individual capacities . . . ." <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n.7 (4th Cir. 1999) (emphasis added). In other words, "*Bivens* actions are available only against federal employees who violate an individual's rights <u>under the Constitution</u>. [Plaintiff] has failed to allege that any individual has violated his <u>constitutional</u> rights and *Bivens* does not provide a vehicle for recovery for <u>non-constitutional torts</u>." <u>Atherton v. United States</u>, 849 F.2d 604, 1988 WL 60609, at *2 (4th Cir. June 6, 1988) (unpublished) (emphasis added).

Further, even if Plaintiff's allegations did somehow invoke constitutionally-protected rights, as the Fourth Circuit has noted, the <u>Bivens</u> Court recognized that direct constitutional actions "are inappropriate if there are 'special factors counselling hesitation.' For example, *Bivens* actions are not allowed 'when the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations.'" <u>Zimbelman v. Savage</u>, 228 F.3d 367, 370 (4th Cir. 2000) (internal brackets and citations omitted) (quoting <u>Bivens</u>, 403 U.S. at 396, and <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 423 (1988), respectively). "Federal employment is a 'special factor'

-11-

because federal personnel matters are governed by [federal statutes]." Id. The Fourth Circuit has declared that federal courts must refrain from implying any cause of action in this context because "Congress is more competent to decide 'whether or not it would be good policy' to create 'a new species of litigation between federal employees' and to evaluate how this might effect 'the efficiency of the civil service.'" Id. (quoting Bush v. Lucas, 462 U.S. 367, 389-90 (1983)). Accord Yokum v. Frank, 937 F.2d 604, 1991 WL 118008, at *1-4 (4th Cir. July 3, 1991) (unpublished) (affirming decision barring postal employee's Bivens action against officials who terminated him because "comprehensive remedial scheme . . . constitutes a 'special factor counselling hesitation'").

As noted above, Plaintiff's allegations show that he has used administrative mechanisms to address some aspects of his instant claim(s); moreover, it appears that he may seek relief under the Rehabilitation Act. Under these circumstances, Plaintiff cannot proceed against his supervisors under Bivens. See Tobin v. Bodman, C/A No. 1:06-492-RBH, 2007 WL 1068253, at *4 (D.S.C. Mar. 29, 2007) (unpublished) ("[T]he Court finds that the plaintiff may pursue her Title VII claim against defendant Bodman as Secretary of the Department of Energy but that she may not pursue a separate *Bivens* action against [her supervisor]. The facts upon which the plaintiff relies 'arise from a federal employment relationship.'" (quoting Zimbelman, 228 F.3d at 370)); Madden v. Runyon, 899 F.

-12-

Supp. 217, 224-25 (E.D. Pa. 1995) ("[Plaintiff's] claim appears to be that the Postal Service discriminated against him on the basis of age, retaliation, and disability. The availability of statutory remedies for these claims, however, precludes [him] from seeking redress pursuant to . . . a *Bivens* action.").

### III. CONCLUSION

The Rehabilitation Act provides the only potentially viable basis for Plaintiff's allegations that he suffered disability-related mistreatment as a USPS employee. Plaintiff cannot proceed against his supervisors under the Rehabilitation Act, but instead must sue the Postmaster General (as he did in his original Complaint). Accordingly, Plaintiff's attempt to file an amended complaint that adds individual defendants is futile.[4]

---

[4] The Court has entered an order because 28 U.S.C. § 636(b)(1) does not identify motions to amend as among the pretrial matters that magistrate judges must address by recommendation. See Everett v. Cherry, 671 F. Supp.2d 819, 821 n. 4 (E.D. Va. 2009) ("Section 636(b)(1) enumerates those pre-trial matters that, if referred to a magistrate judge, must be reviewed de novo by a district judge upon objection. The Court will not make the unprincipled decision to rewrite the statute, adding 'motions to amend' to those pre-trial matters, for that is the province of Congress."). See also Aluminum Co. of America, Badin Works v. EPA, 663 F.2d 499, 501 (4th Cir. 1981) (observing that "exceptions [set out in 28 U.S.C. § 636(b)(1)(A)] are motions which Congress considered to be 'dispositive'"); Fed. R. Civ. P. 72(a) (providing that, in considering timely objections to magistrate judge's order on "pretrial matter not dispositive of a party's claim or defense," district judge must "modify or set aside any part of order that is clearly erroneous or is contrary to law"). The two circuit courts that have squarely confronted this issue in published opinions have endorsed this approach. See Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006) (rejecting reasoning in various district court opinions "that by declaring a proposed amendment futile, the magistrate judge . . . has decided the amendment fails to state a claim, thus making the decision dispositive," as incompatible with "the magistrate judge's statute, 28 U.S.C. § 636"); Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 & n.2 (1st Cir. 2000) (holding that "magistrate judge had the authority to decide the motion to amend [by which plaintiffs sought to add count for respondeat superior liability] outright"). Two other circuit courts have clearly described motions to amend as
(continued...)

-13-

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Request to Amend Complaint and Add Additional Parties (Docket Entry 11) is DENIED as futile.

           /s/ L. Patrick Auld
           **L. Patrick Auld**
           **United States Magistrate Judge**

April 14, 2010

---

[4](...continued)
"nondispositive" in the course of analyzing related issues. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent." (emphasis added)); PYCA Indus., Inc. v. Harrison County Waste Water Mgt. Dist., 81 F.3d 1412, 1420-21 (5th Cir. 1996) (describing litigant's "motion to amend its pleading to include additional claims of fraud and conspiracy" as "nondispositive motion" and observing that district court "noted the nondispositive nature of the motion" by applying Rule 72(a) standard of review). The approach taken in this district appears to have varied. Compare, e.g., Robinson v. Harvey, No. 1:05CV355, 2007 WL 5029289, at *1, 8-9 (M.D.N.C. June 21, 2007) (unpublished) (stating that "Order of the Magistrate Judge denying Plaintiff's Second Motion to Amend is AFFIRMED," where magistrate judge denied plaintiff's request to add new claims, including because "amendment of the Complaint would be futile due to Plaintiff's failure to plead with specificity" (internal citation omitted)) and Jadali v. Alamance Regional Med. Ctr., 225 F.R.D. 181, 186 (M.D.N.C. 2004) (order by magistrate judge "that plaintiff's motion to amend his complaint be, and the same hereby is, denied for being futile"), ruling upheld, 399 F. Supp.2d 675, 679 (M.D.N.C. 2005) with McKnight v. James, No. 1:08CV406, 2009 WL 806584, at *1, 7 (M.D.N.C. Mar. 27, 2009) (unpublished) (describing motion to amend complaint as dispositive motion and recommending denial for futility) and Nixon v. Alan Vester Auto Group, Inc., No. 1:07CV839, 2009 WL 382743, at *3 (M.D.N.C. Feb. 12, 2009) (unpublished) ("Plaintiff's Motion to Amend has been reviewed de novo and is DENIED for the reasons stated in the [Magistrate Judge's] Memorandum Opinion and Recommendation."). In practice, the distinction between order and recommendation may make little, if any, difference in this context; a district judge's review of the undersigned magistrate judge's legal conclusion that Plaintiff cannot state a claim against the proposed individual defendants likely would take the same shape whether conducted under the "contrary to law" provision of Section 636(b)(1)(A) (applicable to non-excepted pretrial rulings) or under the de novo standard that governs review of recommendations under Section 636(b)(1)(B). See, e.g., Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law.").