IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARY D. SMITH, )
)
          Plaintiff, )
)
v. ) 1:09CV587
)
PATRICK R. DONAHOE,[1] Postmaster )
General, United States )
Postal Service, )
)
          Defendant. )

# ORDER

On December 17, 2010, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. (Docs. 26 & 27.) Within the time limit prescribed by section 636, Plaintiff filed a document that the court will construe as intended objections to the Recommendation (Doc. 30), and Defendant filed a response (Doc. 31).

Defendant argues that Plaintiff's filing lacks the specificity required to constitute an objection under section 636 and Federal Rule of Civil Procedure 72. Defendant also objects to the extent Plaintiff's filing may contain facts that were not presented to the Magistrate Judge on motion for summary judgment.

Federal Rule of Civil Procedure 72(b) requires that a party file "specific written objections to the proposed findings and recommendations" of the Magistrate Judge. The court's *de novo* review is required for those portions of the Recommendation to

---

[1] Patrick R. Donahoe became the Postmaster General effective December 6, 2010, and is substituted for Postmaster General John Potter as the Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

which particularized objections are lodged. <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982); <u>United States v. O'Neill</u>, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (noting that "without specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise"). Where *de novo* review is warranted, this court has the discretion to accept or reject further evidence at this stage. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). All arguments directed to any issue to which proper objection is made, by contrast, must be considered even though they were not presented to the Magistrate Judge. <u>United States v. George</u>, 971 F.2d 1113, 1118 (4th Cir. 1992). Though Plaintiff is proceeding pro se, he is still bound by the applicable rules. <u>See, e.g.</u>, <u>Liebig v. Kelley-Allee</u>, 923 F. Supp. 778, 779-80 (E.D.N.C. 1996) (pro se plaintiff, like every other litigant in federal court, is bound by all the Federal Rules of Civil Procedure and the Local Rules). Plaintiff was informed of his right to "serve and file specific, written objections to the proposed findings and recommendations." (Doc. 27 (Notice relating to entry of Magistrate Judge's Recommendation).)

Plaintiff's filing is comprised of nearly twelve pages of rambling factual statement that contains little legal analysis. This indeed makes it difficult to discern precisely what portions of the Magistrate Judge's Recommendation he intends to complain about, and why. Because Plaintiff is proceeding pro se, however,

2

the court will apply a liberal construction to his intended objections and apply the *de novo* standard of review.

The court, therefore, has conducted a *de novo* review of the portions of the Magistrate Judge's report to which objection could be said to have been made. Because this matter has been fully presented to the Magistrate Judge on summary judgment, the court declines, in the interest of judicial economy, to consider any new factual evidence that may be presented in Plaintiff's objections. The court's review is in accord with the Magistrate Judge's Report, and the court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. 16) is GRANTED, and this action be, and the same hereby is, DISMISSED.

/s/ Thomas D. Schroeder
United States District Judge

January 31, 2011